### SWIFT *v.* STATEN ISLAND RAPID TRANSIT R. CO.

(*Supreme Court, General Term, Second Department.* February 8, 1892.)

INJURIES AT RAILROAD CROSSINGS—WEIGHT OF EVIDENCE.

On appeal from a judgment against a railroad company for personal injuries to a minor struck by defendant's locomotive while crossing its tracks, defendant conceded that unless the testimony differed materially from that in a former action, in which plaintiff's father had recovered for loss of services upon the same state of facts, plaintiff should recover. On the trial of such former action, defendant's engineer had testified that he did not whistle until his engine struck plaintiff. On trial of this action he was not produced, and two witnesses, whose former evidence supported his, failed to give similar testimony; but defendant introduced proof that the whistle was blown much earlier. Plaintiff's evidence was in harmony with her previous testimony. *Held*, that the judgment should be affirmed.

Appeal from circuit court, Kings county.

Action by Sarah A. Swift, by Moses Swift, her guardian *ad litem*, against the Staten Island Rapid Transit Railroad Company. Judgment for plaintiff. Defendant appeals. Affirmed.

For reports of decisions in former action referred to, see 5 N. Y. Supp. 316, affirmed 25 N. E. Rep. 378.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Tracy, MacFarland, Boardman & Platt*, for appellant. *James C. Foley*, for respondent.

PRATT, J. The appellants concede that as one action based on this accident was determined in favor of the plaintiff, and the recovery sustained in the court of appeals, (see *Swift* v. *Railroad Co.*, 123 N. Y. 645, 25 N. E. Rep. 378,) the same result must follow in the present case, unless variations can be found in the testimony given in the actions sufficiently serious to prevent a recovery. Comparing the testimony given upon the two trials, we discover that the engine-driver produced by defendants upon the former trial, and upon whose testimony the plaintiff's recovery may well have been

based, was not produced upon the present trial; and two witnesses whose testimony upon the former trial supported that of the engineer, being called upon this trial by the plaintiff, were stricken with a loss of memory. And on the former trial the engineer testified that he did not blow the whistle until the engine struck the plaintiff, while on this trial a police officer testified it was blown much earlier. After making all due allowance for these changes, we are of the opinion that the testimony warranted the verdict. The plaintiff testified, and her evidence, if believed, was ample to sustain the verdict. It is suggested that her injuries have enfeebled her mind, and therefore detract from the weight to be given to her testimony. That is a matter peculiarly within the province of the jury; and, as her testimony on the second trial was in harmony with that previously given, the jury may have considered that she compared favorably with the other witnesses. It is plain that they believed her testimony, and we cannot say they were wrong in so doing. We find no errors in the admission of evidence, and the judgment must be affirmed, with costs. All concur.